UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LYNELL D. ZELENKA | : | CIVIL ACTION NO. _____ |
| | : | |
| VERSUS | : | JUDGE: |
| | : | |
| EON LABS, INC., PAR PHARMACEUTICAL INC., WEST-WARD PHARMACEUTICAL, CORP., BAYER HEALTHCARE PHARMACEUTICALS, INC. And SCHERING CORPORATION | : : : : : | MAGISTRATE: |

## NOTICE OF REMOVAL

Defendant, **WEST-WARD PHARMACEUTICAL CORPORATION** ("West-Ward"), by and through undersigned counsel, hereby gives notice of the removal of this action from the Civil District Court for the Parish of Orleans, Louisiana to the United States District Court for the Eastern District of Louisiana. In support of its Notice of Removal, West-Ward states as follows:

1. This action was originally commenced by Lynell D. Zelenka on September 8, 2010, 2010 through the filing of a Petition in the Civil District Court for Orleans Parish, State of Louisiana, captioned "*Lynell D. Zelenka v. EON Labs, Inc., Par Pharmaceutical, Inc., West-Ward Pharmaceutical, Corp., Bayer Healthcare Pharmaceuticals, Inc. And Schering Corporation,*" and assigned Case No. 10-9405, Division C-10.

2. West-Ward was served with plaintiff's Petition through The Louisiana Long Arm Statute on December 7, 2010.

3.  The United States District Court for the Eastern District of Louisiana is the court embracing the place wherein such action is pending in state court.

4.  As shown by Exhibit A, this removal is effected and has been timely filed within thirty (30) days of the removing defendant being served with process and within one (1) year after commencement of the action, as allowed by 28 U.S.C. § 1446(b).

5.  This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### Diversity of Citizenship

6.  This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.  Plaintiff, Lynell D. Zelenka is a person of the full age of majority who resides in the State of Texas with a residence maintained in New Orleans, Louisiana. *See Petition for Damages*, at p. 1, attached as Exhibit A.

8.  At the time of the filing of the Petition for Damages and at all times thereafter, defendant, West-Ward Pharmaceutical Corporation, was and is incorporated under the laws of New Jersey with its principal place of business in Eatontown, New Jersey.

9.  As evidence of EON Labs, Inc.'s corporate location in the State of New York, plaintiff requested service on EON Labs, Inc. via the Long Arm Statute at the New York address. Service in that regard is evidence that Lamb's non-resident status

because the long arm statute presumes the party is not a resident of the State of Louisiana.[1]

10. Plaintiff requested service on EON Labs, Inc., via the Long Arm Statute at its New York address. Service in that regard is evidence that EON Labs, Inc.'s non-resident status because the long arm statute presumes the corporation is not domiciled in the State of Louisiana.

11. Plaintiff requested service on PAR Pharmaceutical, Inc., via the Long Arm Statute at its New York address. Service in that regard is evidence that PAR Pharmaceutical, Inc.'s non-resident status because the long arm statute presumes the corporation is not domiciled in the State of Louisiana.

12. Plaintiff requested service on Schering Corporation via the Long Arm Statute at its New Jersey address. Service in that regard is evidence that Schering Corporation's non-resident status because the long arm statute presumes the corporation is not domiciled in the State of Louisiana.

13. Upon information and belief, Defendant Bayer Healthcare Pharmaceuticals, Inc., has not been served, nevertheless, it is known that Bayer Healthcare Pharmaceuticals, Inc. is a Delaware corporation with its principal place of business in Wayne, New Jersey.

14. Thus, complete diversity of citizenship existed at the time of the filing of the Petition, and at all times thereafter, between plaintiff and West-Ward.

---

[1] See LSA-R.S. 13:3201, *et seq.*

**Amount in Controversy**

15. The amount in controversy exceeds $75,000, exclusive of interest and costs.

16. Louisiana Code of Civil Procedure Article 893A.(1) articulates the following requirements for the pleading of monetary damages:

> the prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required.

As a result, Article 893 requires plaintiff to generally state that the claim is less than the jurisdictional amount in order to establish a lack of federal jurisdiction. Plaintiff failed to make that assertion.

17. Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[2] The removing defendant may prove the amount in controversy by establishing that the claims are likely above $75,000.[3]

18. Additionally, the removing defendant avers that plaintiff's allegation of damages establish that her asserted claim likely exceeds $75,000. Specifically, plaintiff alleges

---

[2] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 at 882-883 (5th Cir. 2002).

[3] *Id.*

she sustained injuries and damages including but not necessarily limited to past, present and future damages. As a result, plaintiff seeks the following damages:

1. Loss of enjoyment of life; loss of consortium, past, present and future loss of use of her left foot and leg and possible future loss of her limb;

2. Disfigurement, emotional distress, psychological harm, and confinement to a wheelchair; and

3. Punitive and compensatory damages for current and future care and continuing operations that may be required.

4. Plaintiff also asserts that she underwent eight (8) surgical procedures in connection with the asserted transaction or occurrence.

**Removal**

19. As shown above, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, this action may be removed pursuant to 28 U.S.C. § 1441.

20. Plaintiff filed the Petition on September 8, 2010. Removing defendant was served with plaintiffs' petition on December 7, 2010. Accordingly, this Notice of Removal

is being filed within 30 days from service of a copy of the Petition setting forth the claim for relief.[4]

21. Pursuant to 28 U.S.C. § 1446(d), plaintiff, Lynell D. Zelenka, is being provided with a copy of this Notice of Removal and a copy is also being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

22. The removing defendant attaches a copy of all of all process, pleadings, and orders served upon them at the time of removal.[5]

23. Consistent with the provisions of 28 U.S.C. § 1446(d), no further proceedings shall occur in this matter in the Civil District Court for the Parish of Orleans, State of Louisiana.

24. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies reading the foregoing Notice of Removal, that to the best of their knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose.

25. By filing this Notice of Removal, the removing defendant does not waive, and hereby reserve all defenses and objections to the Plaintiff's Petition/Complaint.

---

[4] 28 U.S.C. §1446(b)¶2.

[5] 28 U.S.C. §1446(a).

**WHEREFORE**, **WEST-WARD PHARMACEUTICAL CORPORATION**, respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law inasmuch as this Court has jurisdiction over the dispute because all parties are completely diverse and the jurisdictional amount has been met.

>Respectfully submitted,
>**KEOGH, COX & WILSON, LTD.**
>701 Main Street (Post Office Box 1151)
>Baton Rouge, Louisiana  70821
>Telephone:  225.383.3796
>Facsimile: 225.343.9612
>
>BY:     s/John P. Wolff, III
>John P. Wolff, III, Bar #14504 (TA) jwolff@kcwlaw.com
>Chad A. Sullivan, Bar #27657, csullivan@kcwlaw.com
>*Attorneys for West-ward Pharmaceutical Corporation*

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 14th day of December, 2010, served a copy of the foregoing Notice of Removal on plaintiff/counsel for all parties to this proceeding, as follows:

>Lynell D. Zelenka, Pro Se
>715 Girod Street
>New Orleans, LA 70140

by mailing the same by United State mail, properly addressed, and first class postage prepaid and also by electronic mail at the email address listed.

>     S/John P. Wolff, III
>JOHN P. WOLFF, III
>CHAD A. SULLIVAN